## MILLOWAY v STATE OF FLORIDA, COUNTY OF DADE

### Case No. 87-018-AC (County Court Case No. 86-240663)

Eleventh Judicial Circuit, Appellate Division, Dade County

July 20, 1988

### APPEARANCES OF COUNSEL

**Deborah Marks,** Hertzberg & Malinski for appellant.

**Robert A. Butterworth,** Attorney General and **Philip Reizenstein,** Assistant Attorney General for appellee.

Before SALMON, ESQUIROZ, DONNER, JJ.

### OPINION OF THE COURT

SALMON, Judge.

Appellant, RICHARD B. MILLOWAY, was charged by information with assault and was found guilty by the trial judge. Adjudication was withheld and appellant was placed on probation for a period of nine months with one-hundred (100) hours of community services to be performed. Appellant filed this timely appeal. We reverse and remand for a new trial.

After the State rested its case, counsel for defendant attempted to

call a witness to rebut certain statements made by the State's witness. The State objected to allowing the defense witness to testify on grounds of a violation of Florida Rules of Criminal Procedure 3.220(b)(3); failure to furnish a written list of all witnesses to testify.

The record indicates that the trial judge did not hold a hearing to determine whether the State was prejudiced by defense counsel's failure to list the witness. The trial judge ruled that the witness was excluded based solely on the fact that the witness was not properly submitted as a witness.

The trial judge does have discretion to impose sanctions for violation of a discovery rule. Florida Rules of Criminal Procedure 3.220(j). However, the court's discretion can only be exercised after adequate inquiry into all circumstances. *Richardson v. State*, 246 So.2d 771 (Fla. 1971). In this case, the trial judge did not conduct a "Richardson" hearing to make a determination of prejudice to the State caused by appellant's discovery violation.

The trial court's ultimate decision to exclude the witness was made without the inquiry required by *Richardson v. State*, 246 So.2d 771 (Fla. 1971). The trial court made its decision based solely on the fact that the defense witness was not properly submitted as a witness. The purpose of a "Richardson" hearing is to determine whether the discovery violation was prejudicial. Absent that finding, the record provides no basis for the sanction imposed; namely, exclusion of the witness' testimony. Only upon a finding of prejudice should the trial judge impose a just sanction authorized by Florida Rules of Criminal Procedure 3.220(j). Accordingly, we reverse and remand for a new trial.

REVERSED AND REMANDED FOR NEW TRIAL.